

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS



Hon. W. W. Caves
Assistant County Attorney
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. O-6294
Re: Whether the Commissioners'
Court can legally pay the
expenses of a County Agent
to the National Agricultural
Agents' Association.

Your telegram of November 27, 1944, requesting the opinion of this department on the question stated therein, is, in part, as follows:

"Is it permissible for County Commissioners' Court to pay expenses of County Agent to National County Agricultural Agents' Association where all kinds of agricultural problems are discussed?"

Article 164, Vernon's Annotated Civil Statutes, provides as follows:

"The Commissioners' Court of any county of this State is authorized to establish and conduct cooperative and demonstration work in agriculture, and home economics in cooperation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the Commissioners' Court and the Agent of the Agricultural and Mechanical College of Texas; and may employ such means, and may appropriate and expend such sums of money as may be necessary to effectively establish and carry on such demonstration work in agriculture and home economics in their respective counties."

It will be noted that the Legislature, by the foregoing statute, has provided that in order to conduct cooperative demonstration work in agriculture and home economics, the Commissioners' Court is given the power to employ such means and to appropriate and expend such sums of money as may be necessary to effectively establish and carry on such work. This Act has given broad power to the Commissioners' Court and leaves their decision final on the question as to what is necessary to carry on this work.

It follows that if the Commissioners' Court is of the opinion that the attendance of the National County Agricultural Agents' Association is necessary to effectively carry on the work of the County Agricultural Agent of the County, then the Commissioners' Court would have authority to pay the necessary expenses of the County Agricultural Agent attending the National County Agricultural Agents' Association.

Article 8, Sec. 3, of our State Constitution provides that taxes shall be levied and collected by the general laws for public purposes only. It is fundamental law that expenditures of tax money must be only for public purposes. 15 Corpus Juris, page 574, in discussing expenses of public offices, uses the following language:

"Ordinarily members of county boards are entitled to no other allowance or emolument whatever outside of the compensation fixed by law for their services, and to be entitled to that compensation they must bring their services and expenses within the terms of the statute, authorizing the payment, it being the rule that they are entitled neither to ordinary nor extra compensation or reimbursement for services rendered or expenses incurred in the doing of unauthorized acts outside the scope of their official duties, even though their services are for the benefit of their county."

This department has repeatedly held that the Commissioners' Court has no authority to expend county funds to pay expenses of county officials when attending conventions because same is not "county business", and there is no statutory or constitutional authority to pay same. See Conference Opinion No. O-2018, dated April 2, 1919, recorded in Vol. 52, pages 262-3-4, conference opinion of the Attorney General of Texas which contains a full discussion of this question, and many other opinions of this department.

The distinction between the situation mentioned in the preceding paragraph and the one presented in your inquiry is that Art. 164, V. A. C. S., gives the Commissioners' Court statutory authority to pay the expenses of the County Agricultural Agent in attending the National County Agricultural Agents' Association, if the Commissioners' Court is of the opinion that such attendance is necessary to effectively carry on the work of the County Agricultural Agent in his county.

APPROVED NOV 28, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

AW:rt:lm

APPROVED
OPINION
COMMITTEE
BY /s/ GWB
CHAIRMAN

Yours very truly,
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams
Assistant